IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ROB W. CORDELL and
GARY HAMIL,

        Plaintiffs,
v.                                                                    3:12-CV-1565-M-BK

BAC HOME LOANS SERVING, LP et al.,

        Defendants.

### FINDINGS, CONCLUSION AND RECOMMENDATION

Pursuant to the District Judge's standing order of reference (Doc. 3), this cause is before the undersigned for pretrial management. The *pro se* Plaintiffs originally filed this action in state court, raising claims of wrongful foreclosure, conspiracy to defraud, and violation of two provisions of the Texas Debt Collection Practices Act "(TDCPA"). (Doc. 1-1). Defendants removed the action to federal court and now move to dismiss. (Doc. 1). The first *Motion to Dismiss* was filed on May 22, 2012, and the second was filed on June 18, 2012. (Docs. 5, 6). Plaintiffs were required to file their responses, if they opposed the relief requested, by June 12, 2012 and July 9, 2012, respectively, but they did not do so. *See* N.D. TEX. LOCAL RULE 7.1(e) (establishing 21-day deadline for filing responses to motions).

Due to Plaintiffs' failure to respond to Defendants' *Motions to Dismiss*, this Court ordered Plaintiffs to respond to the motions no later than July 30, 2012, if they were opposed to the dismissal of their case. The undersigned warned Plaintiffs that, if they did not respond, they risked dismissal of their case without further notice. (Doc. 7). The July 30 deadline has now passed, and Plaintiffs did not respond as ordered.

Federal Rule of Civil Procedure 41(b) permits a court to dismiss an action *sua sponte* for failure to prosecute or follow court orders. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th

Cir. 1988).  This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962).  Plaintiffs failed to respond to Defendants' dismissal motions and failed to comply with this Court's order directing a response.  Accordingly, this action is subject to dismissal without prejudice.

Nevertheless, a dismissal without prejudice has the same effect as a dismissal with prejudice if the statute of limitations might prevent a party from refiling his case.  *Boazman v. Economics Laboratory, Inc.*, 537 F.2d 210, 213 (5th Cir. 1976).  Here, however, the statute of limitations on Plaintiffs' wrongful foreclosure claim does not appear to expire until approximately May 2015, four years after the foreclosure took place, *Martin v. Cadle Co.*, 133 S.W.3d 897, 905 (Tex.App. – Dallas, 2004); and (2) their TDCPA and conspiracy-to-defraud actions do not expire until 2013, two years after the foreclosure proceeding (the allegedly fraudulent "collection action") was undertaken, *Navarro v. Grant Thornton, LLP*, 316 S.W.3d 715, 719 (Tex.App. – Houston [14 Dist.], 2010) (conspiracy-to-defraud statute of limitations); *Duzich v. Marine Office of America Corp.*, 980 S.W.2d 857, 872 (Tex.App. – Corpus Christi, 1998) (TDCPA statute of limitations).  Thus, dismissal of this case without prejudice will not unfairly affect Plaintiffs' legal interests.  Accordingly, the District Court should dismiss this action without prejudice for lack of prosecution and for failure to comply with a Court order.

**SO RECOMMENDED** on August 23, 2012.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE